UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL RENE GARRETT,

        Petitioner,                              Case No. 1:20-cv-11137
                                                           Honorable Thomas L. Ludington

v.

BRYAN MORRISON,

        Respondent.
_____/

**OMNIBUS ORDER DENYING PETITIONER'S PENDING MOTIONS [ECF NOS. 24–40, 43–45, 47–53, and 57]**

On April 13, 2020, Petitioner Michael Rene Garrett filed a successive petition for a writ of habeas corpus. ECF No. 1. Because Petitioner failed to obtain authorization to file a successive petition as required by 28 U.S.C. § 2244(b), the Petition was transferred to the Sixth Circuit on June 12, 2020. ECF No. 19. Petitioner then filed a motion for reconsideration, asserting that the Court should construe his petition as a motion under Federal Rule of Civil Procedure 60(b), and not as a successive habeas petition. ECF No. 21. The Court denied the motion because the petition asserted grounds for relief attacking his state court conviction and did not solely challenge the integrity of his first federal habeas proceeding. ECF No. 22.

Petitioner subsequently dismissed the transferred case in the Sixth Circuit, *see* ECF No. 56, and filed the twenty-five pending motions. Petitioner's lead motion, his motion to reopen the case, once again asserts that the Court has jurisdiction to consider his successive habeas petition under Rule 60(b). His twenty-four other motions, ECF Nos. 25–40, 43–45, 47–53, and 57, which request, among other things, a briefing schedule, ECF No. 29, oral argument, ECF No. 33, an evidentiary hearing, ECF No. 36, and an extension of time to file additional pleadings, ECF No. 47, incorrectly assume the Court has jurisdiction.

As previously explained, however, federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Until Petitioner obtains authorization to file a successive habeas petition from the Sixth Circuit, this Court is without jurisdiction to consider any of the matters raised by Petitioner in his pending motions. To the extent Petitioner asserts the Court has jurisdiction under Rule 60(b), that contention has already been rejected. *See* ECF No. 22.

Accordingly, it is **ORDERED** that all of Petitioner's pending motions, ECF Nos. 24–40, 43–45, 47–53, 57, are **DENIED**.

Dated: August 6, 2021  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge